Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2008 | **DATE** | 6/29/2004 |
| **CASE TITLE** | | Walsh vs. Walsh | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the defendant's motion to dismiss pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction granted. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 3 - 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 1 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| MW | courtroom deputy's initials | 2004 JUN 29 PM 5: 15 | date mailed notice | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JAMES T. WALSH, )
)
        Plaintiff, )
)
v. ) No. 04 C 2008
)
MARIANNE WALSH, )
)
        Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Marianne Walsh's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the reasons stated below, we grant the motion to dismiss.

## BACKGROUND

Plaintiffs James T. Walsh ("James") and John J. Walsh ("John") brought suit against their sister Marianne Walsh ("Marianne"), alleging that Marianne breached her fiduciary duty as trustee of a trust (the "Mae Trust") to which James and John each held an equal one-third share. The Mae Trust was established by the mother of the Plaintiffs and Marianne to provide for their mother's needs during her lifetime.



The trust funds were to be distributed one-third each to James, John, and Marianne, upon their mother's death. Plaintiffs allege that, after having been named successor trustee by their mother, Marianne withdrew and converted $175,000.00 from the Mae Trust, prior to their mother's death, in violation of the trust provisions. Plaintiffs also allege that Marianne failed to make disclosures to Plaintiffs, engaged in self-dealing, and failed generally to protect the trust corpus. (Compl. 2).

Plaintiffs seek to invoke the jurisdiction of this court pursuant to 28 U.S.C. § 1332 contending that there is complete diversity of citizenship and contending that the amount in controversy requirement is met in this case. James and John contend that they are citizens of Illinois and Marianne is a citizen of Wisconsin. (Compl. 1). Diversity of citizenship is conceded by Marianne, however, Marianne argues that the amount in controversy does not exceed $75,000.00, and thus moves for dismissal based on a lack of subject matter jurisdiction. Marianne also argues that even if the amount of controversy requirement is satisfied, that this Court should dismiss the action because of another available remedy, or should decline to exercise jurisdiction under the so-called "probate exception" to diversity jurisdiction.

## LEGAL STANDARD

When federal diversity jurisdiction over a claim is challenged pursuant to Federal Rule of Civil Procedure 12(b)(1), on a defendant's contention that the sum in controversy does not exceed the $75,000.00 minimum as required under 28 U.S.C. §

2

1332, the plaintiff "bears the burden of proving that the case is properly in federal court, as it is he who is trying to invoke federal jurisdiction." *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 979 (7th Cir. 2000); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1935).

Where punitive damages are required to satisfy the jurisdictional amount in a diversity case, a two-part inquiry is necessary. The first question is whether punitive damages are recoverable as a matter of state law. If the answer is yes, the court has subject matter jurisdiction unless it is clear "beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount." *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 1995) *quoting Risse v. Woodard*, 491 F.2d 1170, 1173 (7th Cir. 1974).

Generally, plaintiffs are afforded the benefit of the doubt in matters relating to damage amounts, but a complaint should be dismissed if it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *Del Vecchio*, 230 F.3d at 978; *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 957 (7th Cir. 1998) *quoting St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

The rule that an action should be dismissed only if the court is certain that the claim is for less than $75,000.00, as articulated in *St. Paul Mercury*, applies only to actions for damages where the "plaintiff has made a good faith effort to estimate the stakes," not to claims for equitable relief. *Macken ex rel. Macken v. Jensen*, 333

F.3d 797, 800 (7ʰ Cir. 2003). In equitable actions, there is a requirement to place a realistic value on the injunctive relief sought. *Id.*

## DISCUSSION

Marianne argues that this action should be dismissed because the amount in controversy requirement is not satisfied. It is the burden of the party seeking to invoke federal subject matter jurisdiction that bears the burden of showing that there is subject matter jurisdiction. *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 979 (7ʰ Cir. 2000). Under Federal Rule of Civil Procedure 8(a) a party bringing its claim for relief before a federal district court must include "a short and plain statement of the grounds upon which the court's jurisdiction depends." A claimant can invoke the original diversity jurisdiction of the court "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and is between diverse parties, as defined by the statute. 28 U.S.C. § 1332(a). To satisfy the statutory minimum, a party may aggregate its claims against a single defendant. *See Herremans v. Carrera Designs, Inc.*, 157 F.3d 1118, 1121 (7ʰ Cir. 1998)(stating that "[t]he diversity statute confers federal jurisdiction over 'civil actions' satisfying the required minimum amount in controversy, 28 U.S.C. § 1332(a), not over counts, thus permitting the plaintiff to aggregate the stakes in his separate claims or counts to come up to the minimum.").

4

An uncontested good faith claim for a sufficient sum controls in the jurisdictional inquiry unless the court determines to a "legal certainty" that the claimant cannot recover that amount. *Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). *See also Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7[h] Cir. 2001)(stating that "[t]o satisfy diversity jurisdiction, [a plaintiff] must demonstrate no more than a good faith, minimally reasonable belief that its claim will result in a judgment in excess of $75,000" and indicating that in order to dismiss for lack of subject matter jurisdiction the court must find "to a legal certainty that [the plaintiff's] claim is for less then the statutorily required amount.").

If a party contends that the amount in controversy requirement is not satisfied, the claimant must support its claim with "'competent proof.'" *Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218 (7th Cir 1995)(quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). A showing of competent proof requires the plaintiff to prove by "a preponderance of the evidence or [prove] 'to a reasonable probability that jurisdiction exists.'" *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 237 (7th Cir. 1995) (quoting *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993)). In short, if a defendant could not "extinguish the plaintiff's entire claim by tendering $75,000 or less at the outset," then the amount in controversy is satisfied. *Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001).

Marianne argues that no amount of trust assets are in controversy in this

matter, because there will still be enough left in the trust to pay James and John their one-third share upon liquidation. Plaintiffs argue in their answer brief that there is no evidence regarding the present value of the trust and that "Defendant's silence on the nature and extent of the trust is one of the principal reasons that this case has been filed." (Ans. 6). Plaintiffs indicate that without an accounting, "there is nothing to give credence to this argument." (Ans. 6). In response in her reply brief Marianne provides an accounting and evidence regarding the trust funds. Marianne has provided an accounting which states that she has taken $228,296.62 in "advance payments" from the trust. (Accounting p.19) This document also states that, as of February 28, 2004, sufficient assets remain in the trust such that both James and John could likewise be paid this amount, and $220,813.10 in excess would still remain. (Accounting, p. 20) Likewise, Marianne has offered the affidavit of the attorney who prepared the accounting which states that the amount of advance payments made to Marianne was indeed $228,296.62, and that "there will be sufficient funds" to pay James and John's shares. Plaintiffs have not challenged the figures in Marianne's exhibits.

Plaintiffs argue that the amount in controversy is the entire "amount of her conversion," which they originally estimated to be at least $175,000.00, in addition to restitution, interests and costs, attorney's fees, and punitive damages. However, Plaintiffs oversimplify the amount in controversy requirement. The amount in controversy is not determined merely by picking out an arbitrary number from the

pleadings. The determination requires a court to consider the substance of the allegations and determine what is truly at issue.

In this case, Plaintiffs are seeking to have Marianne return the funds to the trust. However, those funds are not truly in controversy. Plaintiffs concede that once the funds are placed back in the trust that Marianne is entitled to a disbursement of her share. The essence of Plaintiffs' complaint is that Marianne should not have taken the money from the trust in advance. Plaintiffs seek to force Marianne to give the money to the trust, conceding that the trust can give it back to her as a disbursement. A court need not waste its resources doing a for a meaningless purpose. If Plaintiffs are intent upon forcing Marianne to give the advanced funds back to the trust, even though she will then be entitled to a disbursement, then Plaintiffs may attempt to do so by arguing that the law calls for the return of such funds by a trustee. Plaintiffs also seek a removal of Marianne as trustee. However, Plaintiffs do not have a right to bring such an action in federal court.

Plaintiffs have not alleged that Marianne somehow profited because of the alleged premature withdrawal from the trust. Nor have Plaintiffs alleged that Marianne's alleged early withdrawal somehow reduced the amounts that will be paid out to Plaintiffs as disbursements. Since Plaintiffs have not alleged any harm in these regards, any possible recovery of punitive damages because of Marianne's alleged misconduct would be minimal and would not be sufficient to meet the

amount in controversy requirement.

Plaintiffs stated in their answer that there is no evidence regarding the present value of the trust and that "Defendant's silence on the nature and extent of the trust is one of the principal reasons that this case has been filed." (Ans. 6). Marianne has now broken that silence and has provided Plaintiffs with documentation regarding the trust funds. Defendants have not sought to challenge that documentation. Therefore, we grant Marianne's motion to dismiss for lack of subject matter jurisdiction.

Based upon the parties' briefs, it is apparent that this action involves a family dispute and that the parties are not communicating with each other. We hope that the parties will sit down together and attempt to work out the issues. The parties' mother thoughtfully provided for her children after her death and it would be a shame if such funds were winnowed away paying for court costs and attorneys' fees.

## CONCLUSION

Based on the foregoing analysis, we grant Defendant's motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 29, 2004